NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARLVIN FLETCHER,**<br><br>     Plaintiff,<br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>     Defendant. | **04-CV-1659 (WJM)**<br><br>**OPINION** |

Robert Ryan, Esq.
663 Bound Brook Rd.
Middlesex, NJ 08846
     *(Attorney for Plaintiff)*

Sixtina Fernandez, Esq.
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278-0004
     *(Attorney for Defendant)*

**MARTINI, U.S.D.J.**:

Plaintiff Marlvin Fletcher brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the final determination by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). For the reasons articulated below, the Commissioner's decision is **AFFIRMED**.

## BACKGROUND

On January 28, 2002, Plaintiff filed applications for DIB and SSI payments alleging disability beginning as of December 30, 2001 due to chronic renal failure, Bell's palsy, hypertension, headaches, and concentration deficits. (*See* AR at 18.)[1] The Commissioner denied Plaintiff's application on April 30, 2002 (*see id.* at 32) and thereafter, on September 11, 2002, reconsidered Plaintiff's application but again found that Plaintiff did not qualify for DIB and SSI (*see id.* at 41). On October 31, 2002, Plaintiff filed a timely Request for Hearing before an Administrative Law Judge ("ALJ") (*see id.* at 46), which was held on June 12, 2003 (*see id.* at 18).

In a written opinion issued on July 24, 2003, ALJ Edward McNeil found that Plaintiff is not disabled and, therefore, is not entitled to SSI payments and DIB benefits. (*See id.*) Specifically, the ALJ determined at step four of the five-step sequential evaluation process that Plaintiff retains the residual functional capacity to perform his past relevant jobs as a billing clerk, insurance adjuster, and customer service representative despite his severe impairments. (*See id.* at 20.)

In a decision issued on February 26, 2004, the Appeals Council denied Plaintiff's Request for Review. (*See* Compl. ¶ 2.) Plaintiff thereafter commenced the instant action. Plaintiff asks this Court to reverse the denial of his application and remand this case to the Commissioner for further proceedings, arguing that the ALJ's conclusion as to Plaintiff's ability to perform past relevant work: (1) is inconsistent with the finding that Plaintiff has a severe impairment (*see* Plaintiff's Brief at 6 [hereinafter "Pltf.'s Br."]); (2) is not supported by substantial evidence (*see*

---

[1] "AR" as used herein refers to the full and accurate transcript of the entire record of proceedings relating to this case, certified to this Court on May 13, 2004.

*id.* at 3); and (3) is inconsistent with the ALJ's on-the-record statement at Plaintiff's hearing that he could not "visualize anybody working if they have chronic headaches" (*see id.* at 6).

## ANALYSIS

### I. STANDARD OF REVIEW

This Court exercises plenary review over the Commissioner's legal conclusions but is bound by the Commissioner's factual findings when they are supported by substantial evidence. *See Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The substantial evidence standard is a deferential standard of review. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). If the record, read as a whole, would allow a reasonable mind to accept the conclusions reached by the ALJ, this Court must uphold his or her determination. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Reconsolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Therefore, even if this Court might have reached a different conclusion, it may not substitute its own judgment. *See Williams*, 970 F.2d at 1182.

### II. THE COMMISSIONER'S DECISION IS AFFIRMED

#### A. The ALJ's Conclusion that Plaintiff Can Perform Past Relevant Work Is Not Inconsistent with Finding a Severe Impairment

Plaintiff's initial contention—that a finding of ability to perform past relevant work is inconsistent with a finding of severe impairment—is without merit. An ALJ considering a claim for disability benefits must apply a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(1). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. *See id.* § 404. 1520(a)(4)(I). If the claimant is not, the ALJ at step two determines whether the claimant suffers from a medically severe impairment. *See id.*

§ 404.1520(a)(4)(ii).  If the ALJ finds that the claimant does suffer a severe medical impairment, the ALJ at step three will determine whether claimant's impairment gives rise to a presumption of disability by determining whether it meets or equals an impairment listed in appendix 1 of 20 C.F.R. § 404.1520.  *See id.* § 404.1520(a)(4)(iii).  If a match is found, the ALJ enters a finding of disability.  *See id*.  If, on the other hand, the claimant's severe medical impairment is not listed, the ALJ then proceeds to step four to determine whether the claimant retains the residual functional capacity to perform past relevant work.  *See id.* § 404.1520(a)(4)(iv).  Should the ALJ find that the claimant does in fact retain this residual functional capacity, the ALJ must at step four find that the claimant is not disabled regardless of whether the claimant has a severe impairment.  *See id.* § 404.1520(e).  However, if the claimant cannot perform past relevant work, the ALJ must proceed to step five and determine whether the claimant is capable of performing other work in the national economy.  *See id.* § 404.1520(a)(4)(v).

    Applying the five-step sequential process in this case, the ALJ determined that Plaintiff retains the residual functional capacity to perform his past relevant jobs as a billing clerk, insurance adjuster, and customer service representative despite his severe impairments.  (*See* AR at 20.)  The ALJ determined at step one that the claimant is not engaged in a substantial gainful activity and at step two that the claimant has a severe impairment.  (*See id.*)  At step three, the ALJ determined that the Plaintiff's impairments did not meet or equal any impairment listed in appendix 1 of 20 C.F.R. § 404.1520.  (*See* AR at 19.)  At step four, however, the ALJ did not find that Plaintiff demonstrated an inability to perform his past work activities.  (*See id.* at 26.)  Therefore, the ALJ determined the Plaintiff was not under a disability for purposes of the Social Security Act.  (*See id.* at 26.)

Given the sequential evaluation process that an ALJ applies, the ALJ's determination in this case at step four that claimant retains the ability to perform past relevant work is not inconsistent with his finding of severe impairments at step two. *See id.* § 404.1520(e). Indeed, a claimant must at step two be found to have a severe impairment before the Commissioner can even proceed to step four to consider whether the claimant retains the residual functional capacity to perform past relevant work. *See id.* §§ 404.1520(a)(4)(iii)–(v). Thus, Plaintiff's initial contention is without merit.

### B. The ALJ's Conclusion That Plaintiff Maintains the Residual Functional Capacity to Perform Past Work Activities Is Supported By Substantial Evidence

Plaintiff argues that the ALJ, in concluding at step four that Plaintiff possesses the residual functional capacity to perform past work activities, gave insufficient weight to undisputed evidence—namely, Plaintiff's own testimony and medical opinions inconsistent with those upon which the ALJ ultimately relied—that he suffers from chronic, severe headaches that impair his ability to concentrate. (*See* Pltf.'s Br. at 7.) The Court, however, finds no fault in the ALJ's consideration of the evidence.

In order to satisfy his burden at step four, a claimant must demonstrate that his impairment prohibits him from doing past relevant work. *See* 20 C.F.R § 404.1520(f). To make this determination, an ALJ compares claimant's residual functional capacity with the physical and mental demands of the claimant's past relevant work. *See id.* If the ALJ finds that the claimant can still do this kind of work, then the claimant will not be found to be under a disability for purposes of the Social Security Act. *See id.*

The ALJ has a duty to hear and evaluate all relevant evidence in order to determine whether an applicant is entitled to disability benefits. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981); 20 C.F.R. § 404.1520(c). If the evidence in the record is inconsistent, an ALJ must weigh the evidence to determine whether a disability exists. *See id.* §§ 404.1527(c)(2)–(4); *id.* § 416.927(c)(2). Because the ALJ's consideration of conflicting medical opinions and of Plaintiff's subjective complaints is at issue here, the Court notes that an ALJ is not obliged to accept without question the credibility of claimant's subjective complaints of pain. *See LaCorte v. Bowen*, 678 F.Supp. 80, 83 (D.N.J. 1988) (noting that ALJ is free to reject testimony as long as ALJ provides reason for doing so). Moreover, in those cases in which medical testimony or conclusions are conflicting, "the ALJ is not only entitled but required to choose between them." *Cotter*, 642 F.2d at 705.

In this case, the determination that Plaintiff possesses the residual functional capacity to perform past work activities despite his impairment was based on the ALJ's consideration of Plaintiff's subjective complaints, medical evidence, and expert testimony. (*See* AR at 25). Specifically, the ALJ considered Plaintiff's subjective complaints of headache pains and compromised concentration but concluded that they were unsupported by objective medical findings and Plaintiff's assertions. (*See id.*) The ALJ also found Plaintiff's statements concerning his impairment's impact on his ability to work not entirely credible in light of information contained in documentary reports, reports of treating and examining physicians, and examination findings. (*See id.*) The ALJ's treatment of Plaintiff's subjective complaints is entirely consistent with the regulations: statements about a claimant's pain or other symptoms do not alone establish that claimant is disabled; rather there must be medical signs and laboratory

findings that show a medical impairment that could reasonably be expected to produce the pain or other symptoms alleged.  *See* 20 C.F.R. § 416.929(a).

      The ALJ also considered the opinions of various doctors.  (*See* AR at 25.)  Although the ALJ had before him statements from two doctors (Drs. DeLuca and Moavan) opining that Plaintiff is unable to work, the ALJ found that these opinions were not supported by either the doctors' own clinical findings or by substantial evidence and, therefore, did not give them great weight.  (*See id*)  Indeed, despite his conclusion regarding Plaintiff's ability to work, Dr. DeLuca opined that claimant had the ability to stand and walk without any limitation.  (*See id.*)  Moreover, Dr. Moavan's opinion that claimant was unable to work due to hypertension, renal insufficient, and severe headache was, as the ALJ noted, inconsistent with opinion of another doctor, Dr. Nadel, who found that Plaintiff's hypertension and renal failure could be controlled with medications.  (*See id.*)  Ultimately, having discounted the weight of contrary medical opinions and Plaintiff's subjective complaints, the ALJ decided to give deferential weight to the assessment of Dr. Mellk, an impartial medical expert, who opined that Plaintiff's headaches could be treated with certain medications and that Plaintiff maintains the residual functional capacity to perform sedentary work despite his impairment—and, specifically, his recurrent headaches (*see id.*).

      Given this analysis of the evidence before the ALJ, this Court finds no fault with the ALJ's evaluation of Plaintiff's application.  The ALJ's decision, which carefully considered all of the medical records and Plaintiff's subjective complaints (*see* AR at 19–25) provides "not only an expression of evidence s/he considered which supports the result, but also some indication of the evidence which was rejected."  *See Cotter*, 642 F.2d at 705.  Here, based on the medical

evidence before the ALJ, a reasonable mind could be led to the conclusion that Plaintiff is capable of performing his past relevant work. Therefore, the Court will not reverse the ALJ's opinion on the meritless contention that the ALJ's conclusions ignore undisputed evidence that Plaintiff suffers from chronic, severe headaches that impair his ability to concentrate.

> **C.     The ALJ's Personal Opinion Is Not Inconsistent With the Ultimate Conclusion**

Finally, Plaintiff argues that the ALJ's decision is inconsistent with his on-the-record statement at Plaintiff's hearing that he could not "visualize anybody working if they have chronic headaches." (*See* Pl.'s Br. at 6.) This contention, however, ignores the fact that the ALJ gave great weight to the opinion of the impartial medical expert, Dr. Melk, who opined that Plaintiff's headaches are treatable. And even if the ALJ's statement of personal opinion were evidence, it would not undermine the ALJ's ultimate conclusion—which is supported by substantial evidence—that Plaintiff has a severe impairment yet nonetheless is capable of performing his past work.

## CONCLUSION

For the foregoing reasons, this Court finds that the ALJ's decision was adequate and supported by substantial evidence. Therefore, the Commissioner's decision denying Plaintiff's application for DIB and SSI benefits is **AFFIRMED**.

**Dated**: July 28, 2005

                                                                                       s/ William J. Martini  
                                                                                  **William J. Martini, U.S.D.J.**